## CITY OF SAN SABA et al. v. HUDSON.
### No. 8272.

Court of Civil Appeals of Texas. Austin.

June 24, 1936.

Rehearing Denied July 15, 1936.

G. A. Walters, of San Saba, for plaintiffs in error.

BLAIR, Justice.

The parties will be designated appellants and appellee.

Appellee, Mrs. Cora Hudson, sued the appellant city of San Saba, Tex., in trespass to try title, to recover an undivided one-fourth interest in lot No. 2 of block 23, Old Town addition to the city of San Saba, and to recover rents and damages, and for a partition, or for the sale and partition of the proceeds of the property. The city impleaded the other appellants as interveners, and by way of cross-action, sought to recover damages on their general warranty of title in the event appellee prevailed in her suit. A decision in the case turned upon whether there was in fact any consideration for a deed for the San Saba Water Company to T. W. Murray and S. E. W. Hudson, purporting to convey the property in question, and dated December 31, 1924. The jury found in answer to a special issue that there was a consideration for the deed, and judgment was accordingly rendered for appellee as prayed.

The sole question presented on this appeal is whether there is any evidence as a matter of law to support the jury's finding of consideration for the deed. Briefly, the evidence showed that W. S. Sanderson and wife were the common source of title. They conveyed the property in question to the San Saba Water Company, on March 22, 1921. The San Saba Water Company conveyed the property to "T. A. Murray and S. E. W. Hudson for the sum of $2000 cash," by warranty deed, dated December 31, 1924. T. A. Murray and wife and the other interveners, who were all of the heirs of S. E. W. Hudson, deceased, except appellee, who was his surviving widow, conveyed the property to the city of San Saba on August 5, 1929, by a general warranty deed, which recited a consideration of $8,000 cash. W. A. Hudson, as guardian of Thos. E. Hudson, a minor, also conveyed the minor's interest to the city of San Saba, under proper orders of the probate court, the conveyance being dated August 20, 1929, and recited a consideration of $1,000. Appellee is the surviving widow of S. E. W. Hudson, deceased, and she never joined in nor conveyed her interest in the property, and is admitted to own an undivided one-fourth interest, if there was any consideration for the deed from San Saba

Water Company to T. A. Murray and S. E. W. Hudson.

The recited consideration of $2,000 in the deed is sufficient in law, and the burden was upon appellants, particularly the interveners who were liable on their warranty of title to the city of San Saba, to show that there was in fact no consideration for the deed. The only evidence attempting to do so was the testimony of T. A. Murray, an interested party and liable on his warranty to the city in the event appellee should prevail in this suit. He testified that the deed was executed to himself and S. E. W. Hudson, who owned all or most of the stock in the San Saba Water Company, so that the income tax of the water corporation would be reduced to that extent, and that in fact there was no consideration paid for the deed. He further testified that the San Saba Water Company sold not only its waterworks system, but the property in suit, which was always used by it as a part of the water system, for a total consideration of $74,000, which was paid in bonds, and that this amount included the $8,000 recited as consideration of the deed of Murray and the other interveners to the city of San Saba. That there was no separation of the $8,000 from the $74,000, but that the $74,000 was divided among himself and the Hudson heirs, except appellee, in accordance with their respective stock interest in the old San Saba Water Company. That some of the bonds were sold and some of the heirs of Hudson were paid in cash. Murray further testified that he claimed for the first time after this suit was filed, that the deed to him and S. E. W. Hudson from the San Saba Water Company was without consideration. He further testified that no part of the $74,000 consideration for the San Saba water plant had ever been paid to appellee. This evidence supported the jury's finding that there was consideration for the deed from the San Saba Water Company to appellant Murray and S. E. W. Hudson. The jury did not have to believe the testimony of Murray, an interested party to this suit, and who with the other interveners were in fact the real defendants in this case because of their liability on their general warranty of title to the city of San Saba to the property in suit. The fact that appellant Murray and all other interveners acted upon said deed as if it constituted a valid conveyance of the property was a matter for the jury to consider, and there was manifestly consideration for the deed even though it was conveyed for the purpose testified to by Murray. He testified that the conveyance was made to save the large income tax that would be due by the corporation, and that he and the other stockholders received the benefits of that saving. The judgment of the trial court will be affirmed.

Affirmed.